```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

MICHAEL WAYNE MONTGOMERY,        §
                                 §
              Petitioner,        §
                                 §
v.                               §   Civil Action No. 4:15-CV-196-Y
                                 §
WILLIAM STEPHENS, Director,      §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
              Respondent.        §
```

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Michael Wayne Montgomery, a state prisoner, against William Stephens, director of the Texas Department of Criminal Justice, Correctional Institutions Division, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL HISTORY

In May 2009 Petitioner was indicted in the 371st Judicial District Court, Tarrant County, Texas, Case No. 1138104D, for aggravated sexual assault of a child under 14 years of age. (Adm. R., WR-80,740-01 Writ 58, ECF No. 8-3.) On December 11, 2009, a jury found Petitioner guilty on count one of the indictment and acquitted him on the remaining three counts. (*Id.* at 59-61.) The jury assessed

his punishment at 10 years' confinement, which was suspended, and he was placed on 10 years' community supervision. (*Id.* at 58.) Petitioner did not directly appeal the trial court's "Judgment of Conviction by Jury," thus, the judgment became final thirty-one days later: Monday, January 11, 2010.[1] *See* TEX. R. APP. P. 26.2(a)(1).

On May 9, 2012, the state filed a petition to revoke Petitioner's community supervision based on alleged violations of the conditions of his supervision. (Adm. R., WR-80,740-01 Writ 69-71, ECF No. 8-3.) On May 25, 2012, pursuant to a plea agreement, Petitioner pleaded true to the acts alleged in the petition. Thereafter, the trial court revoked Petitioner's community supervision and, in accordance with the plea agreement, sentenced him to 9 years' confinement. (*Id.* at 73-77.) Petitioner did not directly appeal the trial court's "Judgment Revoking Community Supervision," thus, the judgment became final thirty-one days later on Monday, June 25, 2012.[2] *See* TEX. R. APP. P. 26.2(a)(1).

Petitioner has filed two state habeas applications raising one or more of the claims presented herein. The first, filed on May 9, 2013,[3] was denied by the Texas Court of Criminal Appeals on February

---

[1]Thirty days after December 11, 2009, was a Sunday.

[2]Thirty days after May 25, 2012, was a Sunday.

[3]A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's state applications do not provide the date Petitioner placed the documents in the prison mailing system but do reflect the dates they were signed by Petitioner. Therefore, for purposes of this Opinion and Order, the state applications are deemed filed on those dates, respectively.

2

19, 2014, without written order on the findings of the trial court. (Adm. R., WR-80,740-01 Writ, 2, ECF No. 8-3.[4]) The second application, filed on December 18, 2014, was dismissed by the Texas Court of Criminal Appeals on February 18, 2015, as a subsequent application. (*Id.*, ECF No. 8-4.) Petitioner filed this federal petition for writ of habeas corpus on February 19, 2015.[5]

## II.  ISSUES

Petitioner raises the following grounds for habeas relief:

(1) Trial by polygraph;
(2) Ineffective assistance of counsel;
(3) New evidence shows state witness made false statements;
(4) Jury misconduct;
(5) Coaching of state witness;
(6) Invalid condition of community supervision on amendment/ supplement number one;
(7) Invalid condition of community supervision on amendment/ supplement number three;
(8) Fifth Amendment violation;
(9) Predetermined sentencing;
(10) Involuntary plea of true; and
(11) False confessions.

(Pet. at 6-7 & Insert, ECF No. 1.)

## III.  STATUE OF LIMITATIONS

Respondent believes the petition is time-barred and should be dismissed. (Resp't Ans. at 4-10.) Title 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal

---

[4]The pagination in the ECF header is used.

[5]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

3

habeas-corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

With limited exceptions not applicable here, the limitations period begins to run from the date on which the challenged "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under subsection (A). Thus, to the extent Petitioner's claims relate to events occurring before or during the original trial proceedings, including any conditions of

4

community supervision assessed at that time, the "Judgment of Conviction by Jury" became final and the one-year limitations period began to run upon expiration of the time that Petitioner had for filing a timely notice of appeal--January 11, 2010--and closed one year later on January 11, 2011, absent any applicable tolling. TEX. R. APP. P. 26.2; *Caldwell v. Dretke*, 429 F.3d 521, 528-30 (5th Cir. 2005). Petitioner's state habeas applications filed after limitations had already expired did not operate to toll the limitations period under § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's federal petition filed on February 19, 2015, is untimely as to Petitioner's claims related to the "Judgment of Conviction by Jury" unless Petitioner is entitled to tolling as a matter of equity.

Equitable tolling of the statute of limitations is permitted only in rare and exceptional circumstances when an extraordinary factor beyond a petitioner's control prevents him from filing in a timely manner or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631 , 649 (2010). A petitioner attempting to make a showing of actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror,

5

acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 133 S. Ct. at 1928 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).

Toward that end, Petitioner claims his counsel in the revocation proceeding filed an affidavit in his first state habeas proceeding that was "new evidence" previously unavailable supporting his claims that he was compelled by his counsel and others to agree to the 9-year sentence and that counsel was ineffective. However, counsel's affidavit has no bearing on Petitioner's innocence of the offense for which he was convicted. Petitioner also attaches to his answer herein an "Absent Witness Affidavit" by Kevin Montgomery, dated July 28, 2014. In the affidavit, Montgomery states that he "can and will" testify that he was present when the offense was alleged to have occurred; that he did not see or hear anything to alert him that the offense had been committed; that he relocated to North Dakota "as of the original trial date"; that he could not have been contacted at that time; and that he has since moved back to Fort Worth. (Pet'r's Answer, "Document #5," ECF No. 9.) However, this affidavit, made over eight years after the offense was committed, falls short of persuasive, reliable evidence of Petitioner's innocence. Petitioner has not demonstrated that he is entitled to equitable tolling.

To the extent Petitioner's claims relate to events occurring before or during the revocation proceedings, including any amended

6

conditions of his community supervision, the "Judgment Revoking Community Supervision" became final and the one-year limitations period began to run upon expiration of the time that Petitioner had for filing a timely notice of appeal--June 25, 2012--and closed one year later on June 25, 2013, absent any applicable tolling. TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Petitioner's first state habeas application tolled the limitations period for 287 days, making his petition due on or before March 19, 2014. Petitioner's second state habeas application, filed on December 18, 2014, after limitations had already expired, however, does not operate to further toll limitations. Therefore, Petitioner's federal petition filed on February 19, 2015, is untimely as to Petitioner's claims relating to the "Judge Revoking Community Supervision" unless Petitioner is entitled to tolling as a matter of equity.

Petitioner asserts that his petition is not time-barred as to the "Judgment Revoking Community Supervision" given the following factors. First, he claims that in March 2013 he discovered a case favorable to his, after which he "immediately began a writ of habeas." He cites the Court to *Leonard v. State,* 385 S.W.3d 570 (Tex. Crim. App. 2012). However, *Leonard* was decided on November 21, 2012, nearly five months after the judgment revoking Petitioner's community supervision became final. (Adm. R., WR-80,740-01, Misc. Doc. 6, ECF No. 8-2.) Petitioner also asserts that his delay is

7

attributable to the exhaustion requirement under § 2254(b)(1) and difficulty obtaining library and medical records. (*Id.* at 3-6.) However, these are common problems for inmates seeking postconviction relief. Finally, Petitioner attributes his delay to an unexpected medical condition occurring in September 2013. (Pet'r's Answer 2–6, ECF No. 9.) According to Petitioner, he suffered an "extremely painful" hernia; the "condition severely and substantially hindered with daily interference in the pursuing of his rights"; and the hernia was not repaired until September 2014. (*Id.* at 3.) This explanation, however, wholly fails to demonstrate that Petitioner's medical condition was sufficiently debilitating to constitute an "extraordinary circumstance" or capacitated him and prevented his timely filing. Petitioner has not demonstrated that he is entitled to equitable tolling.

## IV. CONCLUSION

In summary, a petition challenging the "Judgment of Conviction by Jury" was due on or before January 11, 2011. Thus, Petitioner's petition filed on February 19, 2015, is untimely. A petition challenging the "Judgment Revoking Community Supervision" was due on or before March 19, 2014. Thus, Petitioner's petition filed on February 19, 2015, is untimely.

8

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred. A certificate of appealability is DENIED.

SIGNED February 24, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE